**E-Filed 3/20/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHANXIANG ZHANG,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED STATES, et al.,<br><br>　　　　　　Defendants. | Case Number C 06-01524 JF (RS)<br><br>ORDER[1] TO SHOW CAUSE<br><br>[Docket No. 1] |

　　　　On February 27, 2006, Plaintiff Zhanxiang Zhang filed a complaint against Defendants Alberto Gonzales, Attorney General of the United States, Michael Chertoff, Secretary of the Department of Homeland Security, Emilio Gonzalez, Director of United States Citizenship and Immigration Services, Robert Mueller, Director of the Federal Bureau of Investigation, and Christina Poulos, Acting Director of the California Service Center, requesting that this Court issue a writ of mandamus in order to compel action on his application for naturalization.

　　　　Plaintiff alleges the following. He has been a lawful permanent resident of the United

---

[1] This disposition is not designated for publication and may not be cited.

1  States since June 19, 2000, having been granted a greencard as an "Outstanding Researcher." On
2  March 23, 2005, he applied for citizenship, and he was fingerprinted on May 12, 2005. He had
3  his naturalization interview on August 15, 2005. He made follow-up phone inquiries in January
4  and February of 2006, but he has not yet received a determination of his application for
5  citizenship.
6       Plaintiff alleges two claims for relief. First, he alleges that Defendants have violated 8
7  U.S.C. § 1447(b), which provides:
8       If there is a failure to make a determination under section 1446 of this title before
         the end of the 120-day period after the date on which the examination is
9        conducted under such section, the applicant may apply to the United States district
         court for the district in which the applicant resides for a hearing on the matter.
10       Such court has jurisdiction over the matter and may either determine the matter or
         remand the matter, with appropriate instructions, to the Service to determine the
11       matter.
12 Second, he alleges that Defendants have violated the Administrative Procedure Act, 5 U.S.C. §
13 701 *et seq*., because "they have unlawfully delayed agency action to which Plaintiff is entitled"
14 and "they have taken action that is arbitrary and capricious, an abuse of discretion and not in
15 accordance with law, by failing to make a determination on the naturalization application of the
16 Plaintiff at the time of initial examination or within 120 days thereafter."
17      Plaintiff requests that this Court issue a writ of mandamus, pursuant to 28 U.S.C. § 1361
18 and 5 U.S.C. § 706(1), "compelling Defendants and their agents to make a determination of the
19 naturalization application of the Plaintiff, to notify the Plaintiff that his application has been
20 granted or denied, and if granted, of the procedures to be followed for the administration of the
21 oath of allegiance, within 20 days of the issuance of such writ."
22      Good cause therefore appearing, IT IS HEREBY ORDERED as follows:
23      (1)   The Clerk of the Court shall serve by certified mail a copy of the petition and a
24 copy of this Order upon counsel for Defendants, the Attorney General of the United States of
25 America. A copy of this Order will be served electronically upon counsel for Plaintiff, Tricia
26 Wang.
27      (2)   Defendants shall, within thirty (30) days after receiving this order, file and serve
28 upon Plaintiff an answer, showing cause why a writ of mandamus should not issue. At the time

1  the answer is filed, Defendants shall lodge with the Court all records relevant to a determination
2  of the issues presented by the complaint.  If Defendants contend that Plaintiff has failed to
3  exhaust administrative remedies as to any ground for relief asserted in the complaint, Defendants
4  shall specify what administrative remedy remains available to Plaintiff.  If Defendants waive or
5  concede the issue of exhaustion, Defendants shall so state in their answer.
6         (3)    Plaintiff may file a response to the matters raised in the answer within thirty (30)
7  days after receiving the answer.
8         (4)    Unless otherwise ordered by the Court, the matter will be deemed submitted upon
9  the filing of the response or upon the expiration of time to file a response.

13  DATED:  March 20, 2006

                                    _____
                                    JEREMY FOGEL
                                    United States District Judge

1  This Order has been served upon the following persons:

2  Tricia Xiaoxia Wang          tricia@wangslaw.com